ent, Hon. D. P. INGRAHAM, P. J., and Hon. WILLIAM H. LEONARD, and Hon. GEORGE G. BARNARD, JJ.

The surrogate's decree was affirmed, without argument, no written opinion being rendered; but Justice INGRAHAM being understood to remark, that, in his opinion, the neglect of the testator to fix the time for the appointment of the trustees by the Vermont Supreme Court, was sufficient to invalidate the bequest; and that the case was within the previous ruling of the Supreme Court and the Court of Appeals, in respect to the provisions of the will of Anson G. Phelps for the establishment of a college in Liberia.

---

NEW YORK COUNTY—HON. EDWARD C. WEST, SURROGATE—December, 1860.

## MORRELL v. SIMMONS.

*In the Matter of the Distribution of the Estate of WILLIAM H. SIMMONS, deceased.*

The testator bequeathed $500 to his sister, A. L., "to be received, or the interest thereof, as I have hereinafter designated;" but did not, in any manner, designate his further intention in regard to the bequest, but appointed a trustee for her. The remainder of the estate was directed to be divided among four other legatees, who should "share equally and alike, and enjoy the benefits and emoluments resulting therefrom;" and a trustee was appointed for one of these last legatees, who was a minor.

*Held*, that no trust was created by the will, and that the several legatees were entitled to be paid, on the distribution, the *principal* of the estate as well as the income.

The gift is absolute. The four legatees are tenants in common, under the gift of "the benefits and emoluments," to use the principal and interest; except that on the death of one, the remainder of his share unused goes to the survivors.

The testator, William H. Simmons, by his will bequeathed to his sister, Adelaide L. Simmons, "the sum of five hundred dollars, to be received, or the interest thereof, as I have here-

inafter designated. The remainder of my estate to be divided
as follows: that my brother, Floyd F. Simmons, and my
sisters, Mary R. Simmons, Sophia A. Simmons, and Emma
J. Simmons, shall share equally and alike, and enjoy the
benefits and emoluments resulting therefrom. Should either
of the above legatees decease, leaving no issue, then the
shares, or parts of shares, so left, shall be equally divided
among the surviving heirs." A trustee is appointed for
Adelaide L., and another for Mary R., a minor, named as
legatee.

On the petition of John H. Morrell, one of the executors,
for a final settlement of his accounts, it was claimed, on his
part, that Adelaide L. Simmons was only entitled during her
life to the income of the legacy in her favor, of $500, and
that on her death, the same should fall into and form a part
of the residuary estate; and that the other four legatees should
each take a life interest in one-quarter of the residuary por-
tion of the estate; and that on the death of either, leaving
issue, the share should be paid to such issue; and if without
issue, then to the survivors of the legatees and distributees,
share and share alike, including Adelaide, and the issue of
such as might be dead. The legatees claimed that they were
entitled to the principal of the estate as well as the income.

PLATT, GERARD & BUCKLEY, *for the Executor.*

I. The obvious intent of the testator was to give the ben-
eficiaries named in the will, only life interests in the various
portions bequeathed to them. That is to say, that Adelaide
L. should receive only the income of $500, and that on her
death, that sum should fall into the residuary estate. As to
the remainder, the other four legatees should each take life
interests in one-fourth of the fund, with remainder over to
their issue respectively; and in case of the death of either,
his or her share to be paid to the heirs, in which Adelaide
should share. This interest they would then take absolutely.
But the limitation over is valid, and the legatees in the will
only take a life estate. (*Norris* v. *Beyea*, 13 *N. Y.* [3

*Kern.*], 273 ; reversing S. C., 15 *Barb.*, 416.) The fact that the testator appointed a trustee of Adelaide L., indicates the intent of the testator that she should receive the *interest* only. Again, the testator makes Robert N. Kitching the trustee for Mary R.; but he cannot be a trustee unless she has a life estate.

II. By 3 *Rev. Stat.*, 5 ed., 12, § 22, a remainder to take effect on *dying without issue*, means issue at the death of the person named as ancestor—that is, the first legatee ; and 3 *Rev. Stat.*, 5 ed., 75, § 2, says limitations of future interests in personal property shall be subject to the rules prescribed in relation to future estates in land. See *Norris* v. *Beyea* (13 *N. Y.* [3 *Kern.*], 273), showing that the *time* is altered by our statute to the death of the first taker, and the bequest over is valid.

III. The whole estate should be converted into money and invested in permanent securities, and the income paid over to the persons entitled to a life estate. (*Howe* v. *Earl of Dartmouth*, 7 *Ves.*, 137 ; *Fearns* v. *Young*, 9 *Id.*, 549 ; *Dayton on Surrogates*, 417.)

C. MINOR *and* DAVID R. JACQUES, *for the Legatees.*

I. The bequest of $500 to Adelaide, is an absolute gift of that sum to her. The words " to be received, or the interest thereof, as I have hereinafter designated," do not create a trust or limit the gift to income: because, 1. There is no indication of the trusts intended, nor designation of the manner in which the interest is to be received, in any other part of the will. 2. No paper naming trustees or appointing trusts, unless executed as a will, is valid, and no such paper is annexed to the will. (*Thompson* v. *Quimby*, 2 *Bradf.*, 449.) 3. There is no gift or limitation over of this bequest; and in such cases, a gift of income is a gift of the principal. (*Pinckney* v. *Pinckney*, 1 *Bradf.*, 270.) 4. If this were a gift of interest only, or a gift for life only, which it is not, yet as there is no remainder over, it is absolute. (2 *Roper*, 1519 ; 2 *Kent's Com.*, 352.)

II. The testator directs that the remainder of his estate be divided among his brother and three sisters, omitting Adelaide to whom the gift of $500 is made, " share and share alike, to enjoy the benefits and emoluments resulting therefrom. Should either of the above legatees decease leaving no issue, then the shares or parts of shares so left shall be equally divided among the surviving heirs." 1. If the testator intended that the four legatees should receive only the interest and income, and that on the death of either, the share of the income of the one so dying go to the survivors of the four residuary legatees, the principal of the fund being kept entire, then there is a suspension during more than two lives, and a perpetuity forbidden by the statute. (2 *Rev. Stat.*, ch. iv., tit. 4, § 1.) 2. But if this bequest is not of the whole to the four jointly, but of one-fourth to each, the words " share equally and alike" effecting a separate gift, then each of the four takes a several and vested legacy. The words " *benefits and emoluments*" do not mean interest and income any more than principal, and are as appropriate in reference to the use and enjoyment of principal as to interest. (*Hart* v. *Marks*, 4 *Bradf.*, 161.)

III. The testator not only directs that the whole residue be divided among the four persons named, so that they shall enjoy its " benefits and emoluments" equally, but provides that if either dies without issue, any "*parts of shares*" left shall go to surviving heirs; which shows conclusively that he intended that the legatees should take the principal as well as income, and that only unspent principal should pass to the heirs.

IV. As the remainder over is only of such " parts of shares" as are left, each legatee is at liberty to use and consume the whole, and the gift is absolute. (*Pinckney* v. *Pinckney*, 1 *Bradf.*, 269; *Bradley* v. *Peixoto*, 3 *Ves.*, 324; *Ross* v. *Ross*, 1 *Jac. & W.*, 154; *Jackson* v. *Bull*, 10 *Johns.*, 19.)

V. The testator seems to have designed annexing to his will a paper writing authorizing trustees to act, one for Adelaide and one for Mary, who is one of the four residuary leg-

atees; but no such paper is found annexed. The testator may have designed indicating the manner in which the principal and income of Mary's and Adelaide's bequest be spent and applied; but a clause naming trustees, and referring to the authorities for them to act "as annexed," is void for uncertainty. The trustees are named, but the trusts are not declared. The authority not being annexed, it is presumed the testator abandoned his intention to appoint, and it is impossible for the trustees named to act, as no trusts are designated.

VI. The residuary bequest admits of but one of two constructions. The testator, either (1) by the gift of the benefits and emoluments to be shared equally and alike, and of the share of those benefits, of any one dying without issue, to the survivors, intended to give the four legatees the income, only the principal meanwhile remaining in the hands of the executors, and the income of each share going, on the death of either, to the survivors; in which case there is evidently a suspension of the absolute ownership during three lives, and the bequest is void as involving a perpetuity: or else, (2) the four legatees are tenants in common, each of one-fourth, which is a vested legacy with right, under the gift of all the benefits and emoluments, to use the principal and interest; with the single qualification, that if any part of a share remains unused, it shall go, in default of issue, to survivors. The gift is absolute.

THE SURROGATE.—The legatees are entitled, on the distribution, to the principal of the estate of the testator, as well as to the income.